defendant has no right to discharge water from the basin or depression in the northwest corner of his field, notwithstanding the fact that when the water overflows the rim of the basin it naturally flows to the culvert. It is evident that the spur ditch running northwest from the elbow of the main ditch does conduct some water from the basin that would not otherwise flow to the culvert and to that extent defendant is maintaining a drain without lawful right (Butler v. Peck, supra).

It is speculation for the most part as to the distance a tile ditch will drain—being greater in some soils than others. The evidence tends to prove that the tile ditch in defendant's field will not drain more than 50 feet.

The defendant is therefore enjoined from maintaining the spur ditch within 50 feet of the basin. This disposes of defendant's claim for damages, because he has been discharging some water through the culvert that did not naturally flow there. The evidence shows that plaintiff has prevented the free flow of the water from the east side of the culvert. Plaintiff is bound to permit the free flow of the water from the culvert over his land with the exception hereinbefore stated, and the exception covers but a very small portion of the water collected there. Because a small quantity of water is discharged at the culvert that defendant is not entitled to flow over the plaintiff's lands is no excuse for the plaintiff's failure to provide for the free flow of the other surface water. Plaintiff has acted upon the assumption that he was not bound to receive any of the water discharged by defendant's ditch. He was bound to receive the greater portion of it. Having interfered with and obstructed the free flow of the water he is not in a position to claim damages. But the evidence does not show that he has suffered damage.

The claims of both parties to damages are disallowed. Both being in fault, there should be no recovery of costs. Plaintiff is enjoined from obstructing the free flow of said water from the east side of said culvert over his lands. Defendant is enjoined from maintaining the spur ditch to the extent above indicated.

T. E. Scroggy, for plaintiff.

T. L. Magruder and M. J. Hartley, for defendant.

---

(Superior Court of Cincinnati.)

G. H. BARBOUR v. H. H. BOYCE.

---

Garnishees should not be added as defendants nor named in the caption of the petition.

---

HUNT, J.

This is a motion to strike from the files the separate demurrers of Thomas C. Campbell and John C. Otis, garnishees, on the ground that the demurrers and each one of them was irregularly and improperly filed, and on the further ground that said demurrers and each of them is contrary to law. The demurrers in question are general demurrers.

The caption of the petition named H. H. Boyce, as defendant, and Thomas C. Campbell and John C. Otis, as garnishees.

The garnishee is not in Ohio, as in many of the states, a party to the attachment action. He has no day in court (Secor v. Witler, 39 Ohio St., 213). The affidavit and order of attachment are no part of the pleadings in the action, and the grounds for attachment should not be stated in the petition (Harrison v. King, 9 Ohio St., 388.) The proceeding is purely ancillary, and hence it follows that garnishees should not be added as defendants. (1 Bates' Pleading and Parties, 285, par. 9; Maples on Attachment sec. 473.) Nor should the garnishees be named in the caption of the petition. They are improperly there.

The demurrers therefore are improperly filed, and should be stricken from the files. Motion granted.

Aaron A. Ferris for the motion.

Clement Bates contra.